38759. HOLSTON v. THE STATE.

</div>

Townsend, Presiding Judge. 1. After the pronouncement of the sentence in a criminal case, the defendant may no longer withdraw his plea of guilty as a matter of right, but this is a matter within the sound legal discretion of the trial court. *Code* § 27-1404; *Sanders v. State,* 18 Ga. App. 786 (90 S. E. 728).

2. "In exercising this discretion, the trial judge settles all conflicts in evidence and is the exclusive arbiter of the facts. He has no discretion in reference to a finding of law. The exercise of a sound, legal discretion presupposes an application of settled rules of law to the facts as found by the judge. His failure to correctly apply the law is not so much an abuse of discretion as it is an erroneous judgment, which may be corrected in the reviewing court." *Griffin v. State,* 12 Ga. App. 615 (5) (77 S. E. 1080).

3. It has frequently been held that if someone on whom the defendant had a right to rely, someone connected with the court, such as the judge, the sheriff, the solicitor, or counsel

for the defendant, should mislead him as to what he might expect if a plea of guilty is entered, and he was thus actuated by hope of lesser punishment if the plea was entered or fear of greater if it was not, then the court should, these facts being plainly made to appear, withdraw the plea even after judgment is entered. *Griffin v. State,* 12 Ga. App. 615, supra; *Fortson v. State,* 96 Ga. App. 350, 356 (100 S. E. 2d 129); *Strickland v. State,* 199 Ga. 792 (35 S. E. 2d 463); *Foster v. State,* 22 Ga. App. 109 (2) (95 S. E. 529).

4. In the present case the defendant's verified motion to withdraw his plea of guilty to charges of manufacturing and possessing illegal liquor, made after sentence was imposed, alleges that the defendant and three others were induced to enter pleas of guilty by the misrepresentations of a bondsman for one of the defendants, who informed them that if they would each pay him the sum of $25 and enter pleas of guilty they would be allowed by the judge to pay fines of $100 each in final settlement of their cases, and that they, believing said bondsman had made arrangements with the court for the settlement of the charges, entered their pleas. The other three defendants filed an affidavit of substantially the same import. While we do not believe that it must necessarily be shown that the misrepresentation came from an officer of the court, and while a bondsman might, as to an illiterate Negro defendant, appear to speak with all of the majesty of the law and thus mislead him through a promise of lighter punishment, the question is not one of the promisor's power to fulfill but of the defendant's understanding, and the discretion of the trial court in denying the right to withdraw a plea of guilty after sentence imposed will not be interfered with except in cases plainly showing that the unauthorized promise was in fact the motivating force which elicited the plea. See *Clyburn v. State,* 65 Ga. App. 747 (16 S. E. 2d 442). Here the defendant says that the offer was to settle the case on payment of $100 fine on two conditions—one, that the defendant file a plea of guilty, and, secondly, that he pay the bondsman $25. He fails to say that he either paid, or agreed to pay the $25 to the bondsman, and his petition shows that his own understanding was that this also was necessary in order for him to settle the case. If the defendant knew that such a payment would be illegal, of course he could not

profit by it; if he was in reality so ignorant as to believe that this was a proper way to settle a criminal case, he fails to show that he accepted the offer as made. Nor is this defect cured by the affidavits of the other three defendants in his behalf. It follows that there was no abuse of discretion on the part of the trial court in denying the motion to withdraw the plea of guilty.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED MARCH 16, 1961.

*Addleton & Hightower, R. L. Addleton, Leward Hightower,* for plaintiff in error.

*Hugh Sosebee, Solicitor-General,* contra.