42506, 42507, 42508, 42509, 42510.   CALLOWAY v. THE STATE (five cases).

ARGUED JANUARY 5, 1967—DECIDED FEBRUARY 3, 1967.

*John D. Watkins,* for appellant.

*George Hains, Solicitor General, D. Field Yow, John Bell,* for appellee.

JORDAN, Judge.   1.   The motions of the State to dismiss the appeals before this court, because the appellant had not filed copies of his enumerations of error in the trial court as of December 3, 1966, although the appeals were docketed in the Court of Appeals on November 10, 1966, are without merit. The requirement of § 14 of the Appellate Practice Act of 1965, as amended (Ga. L. 1965, p. 243; *Code Ann.* § 6-810) for filing

a copy of the enumeration of error with the clerk of the trial court is not jurisdictional, and the failure to follow this procedural requirement will not vitiate an appeal. *Adams v. Morgan,* 114 Ga. App. 180 (150 SE2d 556); *Rainey v. Housing Authority of City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534).

2. In each of the five cases before this court the appellant enumerates as error the failure of the trial court to rule on the State's demurrers to his motions, the admission in evidence of affidavits on behalf of the State in the hearing on the motions, and an abuse of discretion by the trial judge in refusing to permit the appellant to withdraw his plea of guilty. As the appellant has presented nothing by brief or oral argument to support either of the first two enumerated errors, they are treated as abandoned. See Rule 17 (c) (2) of this court. The appeal in each case is thus confined to the third enumerated error, that is, whether the trial court erred in refusing to permit the appellant to withdraw his plea of guilty after sentencing.

3. At any time before judgment is pronounced an accused may as a matter of right withdraw a plea of guilty and substitute a plea of not guilty, in which event he is in the same position as if he had never entered a plea of guilty, but after judgment is pronounced the withdrawal of a plea of guilty, by motion during the same term, is a matter addressed to the sound legal discretion of the trial judge. *Code* § 27-1404; *Griffin v. State,* 12 Ga. App. 615 (4) (77 SE 1080); *Holston v. State,* 103 Ga. App. 373 (1) (119 SE2d 302); *McCrary v. State,* 215 Ga. 887, 889 (114 SE2d 133).

4. "An appeal to a judge's discretion is an appeal to his judicial conscience. In exercising the discretion the trial judge settles all conflicts in evidence, and is the exclusive arbiter of the facts. He has no discretion in reference to a finding of law. The exercise of a sound, legal discretion presupposes an application of settled rules of law to the facts as found by the judge." *Griffin v. State,* 12 Ga. App. 615 (5), supra; *Holston v. State,* 103 Ga. App. 373, supra.

5. The evidence reveals sharp conflicts between the pleaded contentions of the accused, his own account of what took place,

and the accounts of others. The gist of the motions is that after arrest for the offense of robbery by force on March 21, 1966, and prolonged interrogation and mistreatment while being held incommunicado in solitary confinement on bread and water without being advised of his rights, the accused was brought into court on April 1, 1966, to plead to the offenses of assault with intent to rape where he then learned of these charges for the first time, that on advice of appointed counsel he signed papers which he thought admitted only his presence at the scene of the alleged crimes, and that thereafter when the court read the indictments to him he told counsel he was not guilty and wanted to withdraw his pleas, but counsel told him it was too late. The accused, a 23-year-old high school graduate, admitted during cross examination that he had not seen the motions and was not aware of the contents, and that he had never said that he didn't know what he was charged with. He admitted that he was arrested early in the morning on March 22, 1966, instead of March 21, as alleged in the motion, that he was first placed in the city jail and then moved about ten o'clock that same morning to the county jail, and that four or five hours later he learned of the charges of assault with intent to rape. He also admitted receiving hash and rice rations on the same basis as other prisoners before being moved to the basement cell, that he was permitted to use and did use a telephone on several occasions, both before and after his committment hearing, and that he made no complaint of mistreatment at the preliminary hearing on March 24, 1966, nor at the hearing on April 1, 1966. He further admitted being informed by counsel in open court of his right to plead guilty or not guilty, and that he was allowed to make his own decision, and that he sought the advice in open court of the detective who had previously questioned him, explaining this action on the basis that he was afraid the detective might mistreat him when he returned to the jail. The testimony of the attorney who represented him in open court and who was called as a witness for the accused indicates the accused was fully advised of his rights and that he waived formal arraignment and signed pleas of guilty freely and voluntarily after being fully advised

of his rights, and with full understanding of what he was doing. This was corroborated by other evidence, including the testimony and affidavits of persons present at the hearing. The attorney further testified that he was appointed to represent the accused at the preliminary hearing on March 24, 1966, and stayed all the way through the hearing along with the attorney hired by Calloway's family.

The accused's testimony of threats and mistreatment, including testimony that his interrogator at the jail struck him, is contradicted in every material detail by the testimony and affidavits of his interrogator, and by affidavits of persons present during interrogation or present at the jail and aware of the circumstances surrounding his incarceration and interrogation. The jailer's affidavit shows unequivocally that the accused was kept in the juvenile cell, fed normal meals, never placed on bread and water, and allowed to talk to his lawyer and use the telephone. The probation officer's affidavit discloses that he interviewed the accused the day before he pleaded guilty and that when he arrived for the interview the accused was using the telephone, that during the interview the accused first said he was innocent and had confessed because he was scared and beaten, but then admitted he was lying and admitted his guilt to some of the charges. The affidavits of persons present during interrogation indicate no mistreatment, and that the accused made admissions concerning the offenses freely and voluntarily. The accused was allowed ten days to rebut evidence for the State by counter affidavits, but no additional evidence was submitted.

This court heartily agrees with the general principles of law as set forth in *Griffin v. State,* supra, and other decisions of this court and the Supreme Court of Georgia. A plea of guilty should be scanned with care and received with caution. The defendant should be permitted to withdraw his plea, even after sentence is pronounced, upon reasonable grounds being timely shown and where the ends of justice dictate such a course. The discretion vested in our trial courts in such matters should always be exercised in favor of innocence, liberty, and justice. The paucity of cases involving this question in the appellate

courts of this state is indicative of the fact that our trial courts have used this principle as a guide in passing upon such requests.

However, when this discretion has been exercised by the trial court, it will not be controlled here unless the record shows a clear abuse of such discretion. The evidence, though conflicting in some particulars, overwhelmingly militated against the contentions set forth in the motion. Under all the circumstances disclosed by the evidence the trial court did not err in the exercise of a sound legal discretion in refusing to permit the accused to withdraw his pleas of guilty after sentence was imposed.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*