25324. JOHNSON v. SMITH, Warden.

Submitted July 15, 1969—Decided September 9, 1969.

Billy Joe Johnson, *pro se.*

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.

GRICE, Justice. This appeal is from the denial of the writ of habeas corpus and remand to the custody of the respondent. Appellant, Billy Joe Johnson, filed his petition in the Superior Court of Tattnall County alleging that his detention by S. Lamont Smith, Warden of the Georgia State Prison, was illegal. He alleged that the sentence under which he was confined was illegal in that he was denied the right of counsel and his plea of guilty was not freely and voluntarily entered.

We find no merit in these contentions.

1. Introduced in evidence was a copy of the original indictment returned against appellant, showing on the reverse side that he waived a copy of the indictment, list of witnesses, full panel, formal arraignment and that he plead guilty. This was signed by the solicitor general, by the appellant, and by some person whose name is illegible as defendant's attorney. The only other evidence as to the claim of denial of counsel is from the appellant, whose testimony is conflicting in material aspects. The trial court was authorized to find against this claim.

2. The contention that his plea of guilty was not freely and voluntarily made is also lacking in merit. While he testified that his plea was the result of threats of maximum sentence, implication in other crimes, beating, and promise of probation, the entries on the reverse side of the indictment as to the guilty plea, with the signatures of appellant and his counsel thereon, were ample to sustain the finding of the habeas corpus court against appellant's claim that the plea was not free and voluntary.

3. In dealing with these contentions, it should be kept in mind that a presumption exists in favor of the validity of sentences, especially where they are based upon pleas of guilty; that the trial judge in a habeas corpus proceeding is the trior

of the facts; and that his finding if supported by any evidence will not be disturbed. *Dutton v. Parker,* 222 Ga. 532, 533 (150 SE2d 833).

For the foregoing reasons, the disposition of the trial court was correct.

*Judgment affirmed. All the Justices concur.*