26304. ECHOLS v. SMITH.

Submitted February 8, 1971—Decided March 4, 1971.

Charles L. Echols, *pro se.*

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General, for appellee.

Grice, Justice. Denial of a writ of habeas corpus to Charles L. Echols by the Superior Court of Tattnall County brought about this appeal. The petition alleges that his detention in Georgia State Prison after being tried and convicted of two counts of armed robbery in the Superior Court of Fulton County is illegal and unconstitutional for stated reasons. The respondent denied the essential parts of the petition. A hearing was held and the petitioner was remanded to the custody of the respondent warden.

In this appeal the petitioner avers that there are five issues of law.

1. The first is in substance that the habeas corpus court erred in denying his petition because of the testimony of the State's witness who identified him as the person who robbed him. This complaint is not valid. The testimony was not objected to at the trial and it is too late to raise such issue in the habeas corpus proceeding, which cannot be used as a substitute for appeal. *Bonner v. Smith,* 226 Ga. 250 (174 SE2d 438).

2. The next contention is that the writ should have been granted because petitioner was brought into court in handcuffs. There is nothing to indicate that he was handcuffed from the

transcript of the original trial, his petition for habeas corpus, or in the transcript of the habeas corpus hearing. Furthermore, "the contention that the accused was prejudiced on his trial by being brought into court shackled was a question which should have been, but was not, raised on the trial." *Buxton v. Brown,* 222 Ga. 564, 566 (150 SE2d 636). There is no merit in this contention.

3. He also urges that the writ was erroneously denied because it presented issues of his being "framed," and the habeas corpus court failed to adjudicate this. This court has repeatedly held that, "It is not the function of the writ of habeas corpus to determine the guilt or innocence of one accused of crime." *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128), and citations. This position cannot be maintained.

4. Petitioner avers that the writ should have been granted because the police line-up and courtroom identification of him was not conducted in keeping with the standards of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149). Here, the evidence of what took place was in conflict. The refusal of the habeas corpus court to believe petitioner's version is not a ground for reversal. The judge in a habeas corpus proceeding is the trior of facts and his findings, "if supported by any evidence will not be disturbed." *Johnson v. Smith,* 225 Ga. 519, 521 (169 SE2d 812).

5. His final contention is that denial of the writ was erroneous because he was denied counsel at his original trial. The evidence as to this feature warranted a finding that counsel was not denied. *Molignaro v. Balkcom,* 221 Ga. 150, 153 (143 SE2d 748). This contention is not sustainable.

We find no error in the proceedings. Therefore, the judgment is

*Affirmed. All the Justices concur.*