### 26499. LAIDLER v. SMITH.

HAWES, Justice. The appeal here is from the denial of a writ of habeas corpus. On November 9, 1967, the applicant plead guilty in the Superior Court of Peach County to the offense of molestation of a minor child. Both he and his attorney, D. W. Wells, signed the guilty plea. He was sentenced to serve 20 years in the penitentiary. On August 4, 1970, he filed in the Superior Court of Tattnall County his petition for habeas corpus. After a hearing held on October 14, 1970, the judge of the superior court, on January 27, 1971, passed an order denying the application for habeas corpus and remanding the petitioner to the custody of the warden. That judgment was entered on January 29, 1971. In his appeal to this court, petitioner enumerates the order appealed from as error and contends that the long delay between the presentation of the petition and final judgment denied him due process of law and equal protection of the laws as guaranteed by the State and Federal Constitutions. He filed in this court a motion that he be discharged on account of this delay.

1. Appellant argues that the judgment denying the habeas corpus was error because he was denied effective assistance of counsel at the time that he was arraigned and plead guilty. In answer to this contention, it is sufficient to say that the record fails to

disclose that such was the case. On the contrary the record shows that he was represented in the courtroom by an able attorney, a practitioner of many years' experience at the bar, and that he was fully advised of his rights and of the consequences of his pleading guilty or pleading not guilty. The evidence clearly authorized the finding of the habeas corpus court that the appellant was not denied effective assistance of counsel.

2. Relying upon the case of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), appellant contends that the trial judge must personally "canvass the matter with the defendant" before he accepts a plea of guilty, that is, he must ascertain by questioning of the defendant at the time that the defendant's guilty plea was freely and voluntarily given. Appellant contends that this was not done by the trial judge before accepting his plea. The case relied upon was decided in 1969 and the plea in this case was entered in 1967, two years earlier. The ruling in the Boykin case has been held not to be retroactive in effect. Hughes v. Rundle, 419 F2d 116, 118 (3); Fear v. Commonwealth of Pennsylvania, 423 F2d 55 (1); Del Piano v. United States, 427 F2d 1156. Since the evidence authorized the habeas corpus court to find that the plea of guilty was in fact voluntarily and knowingly entered by the defendant, the failure of the judge receiving the plea to question the defendant with respect to its voluntariness was harmless and the habeas corpus court did not for this reason err in entering the judgment here complained of.

3. The trial judge in a habeas corpus proceeding is the trior of the facts, and his finding, if supported by any evidence, will not be disturbed. *Johnson v. Smith,* 225 Ga. 519, 520 (169 SE2d 812).

4. Since the habeas corpus court did not err in denying the writ and in remanding the petitioner to the custody of the warden, if the long delay in rendering the judgment could be said to be error, it was clearly harmless and was not cause for the discharge of the appellant.

*Judgment affirmed. All the Justices concur.*
ARGUED MAY 10, 1971—DECIDED JULY 9, 1971.

*Benjamin Zeesman,* for appellant.

*Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, Dorothy T. Beasley,* Assistant Attorneys General, *B. Daniel Dubberly, Jr.,* Deputy Assistant Attorney General, for appellee.