## 27097. McINTYRE v. BALKCOM.

JORDAN, Justice. McIntyre pleaded guilty to a charge of forgery and received a ten-year sentence of imprisonment. He sought release by habeas corpus, and appeals from an adverse judgment. *Held:*

1. While the petitioner testified generally that he was under the influence of drugs when he pleaded guilty, and that the sheriff of Madison County induced him to plead guilty, by telling him that he had talked to the judge, the habeas corpus judge, as a trior of the facts, was under no obligation to believe the petitioner, and could reject his testimony in whole or in part. *Ballard v. Smith,* 225 Ga. 416 (169 SE2d 329). Even if the sheriff was not present to testify at the habeas corpus hearing, any failure of the respondent to produce this witness to rebut the testimony of the petitioner is merely a circumstance for consideration, and does not demand the conclusion that the petitioner was telling the truth. See *Barrett v. Distributors' Group, Inc.,* 89 Ga. App. 458, 462 (79 SE2d 587).

2. The certificate of the court reporter states that "the foregoing pages constitute a true and correct transcript of the guilty plea hearing" and that of the clerk of court states that the foregoing pages are "a true and correct transcript of the guilty plea hearing" and that of clerk of court states that the foregoing pages are "a true and correct photostatic copy of the case of The State vs. James Herman McIntyre." These certificates are in keeping with *Code* § 38-601, which merely requires a certificate or attestation, without specifying the necessity for a seal by a court reporter, or any detail as to the location and length

of the record, by reference to the number of pages, minute book, case number, and similar details, as contended by the petitioner.

3. Custom, as to which the district attorney testified in respect to the guilty plea proceeding, is admissible as tending to show that the custom was followed in a particular instance. Green, Georgia Law of Evidence, p. 169, § 67.

4. The record of the guilty plea proceedings, as corroborated by the testimony of the district attorney, affirmatively supports the findings of the habeas corpus judge, and no error in the habeas corpus proceedings appears for any reason argued and insisted upon. See *Johnson v. Smith,* 225 Ga. 519 (169 SE2d 812); *Echols v. Smith,* 227 Ga. 343 (180 SE2d 699).

*Judgment affirmed. All the Justices concur.*
ARGUED MARCH 13, 1972—DECIDED APRIL 20, 1972.

*Gunter & McDonald, Douglas W. McDonald,* for appellant.

*Herbert B. Kimzey, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.