## 27442. CHARLES v. CALDWELL.

HAWES, Justice. Patterson Charles, having been remanded to the custody of the warden after a hearing on his petition for a writ of habeas corpus, appeals. Appellant is serving consecutive 10 and 20-year sentences imposed upon him when he was found guilty by a judge of the Superior Court of Chatham County of two offenses of armed robbery. Appellant contended that he was deprived of his right to a trial by a jury; that he was deprived of the effective assistance of counsel; that his trial was tainted by an improper and unnecessarily suggestive pre-trial identification procedure which rendered invalid his in-court identification by witnesses; that his appointed counsel did not advise him of his right to appeal, and that, consequently, he did not know of his right to appeal. Upon the trial of the case, the evidence was in conflict as to some of the issues raised by the petitioner. In a habeas corpus case, the trial judge is the trior of the law and the facts, and his decision as to issues of fact will not be disturbed on appeal if there is any evidence to support it. *Ballard v. Smith,* 225 Ga. 416 (1) (169 SE2d 329); *Laidler v. Smith,* 227 Ga. 759 (3) (182 SE2d 891). With respect to the first and fourth issues raised by petitioner, it is sufficient to say that the lawyer who rep-

resented him upon the trial of his cases testified that he advised petitioner as to his right to a trial by a jury and that the petitioner elected upon his advice to be tried by the court without a jury. This testimony constituted some evidence, at least, that the petitioner knowingly and intelligently waived his right to a trial by jury and the judge of the habeas corpus court did not err in so finding. With respect to petitioner's contention that he did not know that he had a right to appeal, his trial counsel testified that, while he did not have any independent recollection that he so advised him, it was his custom to advise any defendant whom he represented of his right to appeal and to make his recommendations to his client as to whether an appeal should be taken. He testified that he did not recall ever having received any request from the petitioner that he prosecute an appeal on his behalf. This evidence was sufficient to authorize a finding against that contention of the petitioner. *McIntyre v. Balkcom,* 229 Ga. 81 (3) (189 SE2d 445). The record of the trial of the criminal cases which was introduced in evidence, together with the oral testimony of the attorney who represented petitioner clearly authorized a finding that petitioner was not denied effective assistance of counsel. Petitioner introduced no evidence in support of his contention respecting an improper and unnecessarily suggested pre-trial identification procedure. His reading from a brief or memorandum of the law and facts did not constitute positive testimony on his part that such a line-up took place. We have carefully perused the testimony, and find no evidence of probative value that any such line-up took place. Under these circumstances, there was no proof as to this contention and the habeas corpus court did not err in finding against it. The finding and judgment of the habeas corpus court remanding the appellant to the custody of the warden being supported by the evidence must be affirmed.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972—DECIDED DECEMBER 4, 1972.

Patterson Charles, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.