## 27649. JONES v. LEVERETTE.

SUBMITTED JANUARY 8, 1973 — DECIDED
FEBRUARY 19, 1973.

*Dennis T. Cathey,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William F. Bartee, Jr., Courtney Wilder Stanton, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. Eddie James Jones appeals from the judgment of the Superior Court of Habersham County denying his petition for the writ of habeas corpus and remanding him to the custody of the Superintendent of the Georgia Industrial Institute.

The record reveals that on May 18, 1970, the appellant entered pleas of guilty to 25 counts of burglary, one count of motor vehicle theft and one count of rape. The pleas were signed by the appellant and his two attorneys. At a hearing on May 22, 1972, with the appellant and both attorneys present, his pleas were accepted by the Superior Court of Bibb County. However, at the request of the district attorney prosecuting these cases,

sentencing was postponed until after disposition of the appellant's co-defendants' cases.

Subsequently, on May 25, 1972, the appellant was sentenced to life imprisonment on the rape charge, seven years for the motor vehicle theft to be served concurrently with the life sentence, and 15 years on each of the burglary counts to be served concurrently with each other and the life sentence.

In June of 1972 the appellant filed his habeas corpus petition alleging illegal restraint for eight reasons, none of which is relevant here. Upon the hearing appellant's appointed counsel for the first time alleged that the appellant was not represented by counsel when he was sentenced, which is a critical stage of a criminal proceeding; and that it was error for the trial court to fail to advise him of his right to have an attorney present.

On September 1, 1972, the trial court entered its order denying the writ and remanding the appellant to custody. No findings of fact or conclusions of law were made.

No transcript of the sentencing in the trial court appears in the record. The only evidence presented at the habeas corpus hearing on the question involved here was the testimony of the appellant, but since this contention was not raised in the appellant's petition, the respondent had no opportunity to arrange for rebuttal witnesses or other such evidence.

However, "The burden is on the applicant to make out his case, that is, to prove to the satisfaction of the habeas corpus judge that the alleged violation of his constitutional rights did, in fact, occur. [Citations]" *Sims v. Smith,* 228 Ga. 136, 137 (184 SE2d 347).

"The question of determining credibility of testimony in a habeas corpus hearing is vested in the hearing judge. [Citations]" *Nelson v. Smith,* 228 Ga. 117, 119 (184 SE2d 150); and even "the uncontradicted testimony of a witness does not have to be accepted, Hawk v. Olson, 326 U. S. 271, 66 SC 116, 90 LE 61." Tyler v. Beto, 391 F2d 993, 995; cert. den. 393 U. S. 1030.

Since the appellant's allegations were supported only by his own testimony, which was itself contradictory as to some details, it was not an abuse of the habeas corpus court's discretion to choose not to believe that the appellant's rights had been violated.

*Judgment affirmed. All the Justices concur.*