## 47708. MARSHALL v. THE STATE.

EVANS, Judge. The defendant was indicted for passing a bad check. He waived arraignment and plead nolo contendere, and was sentenced to serve twelve months. The sentence was formally pronounced by the trial court. Later, defendant made a motion to be allowed to withdraw his plea, contending that such was necessary in order to avoid a miscarriage of justice. The court overruled defendant's motion to be allowed to withdraw his plea, and from that judgment defendant appeals to this court. *Held:*

1. Prior to pronouncement of sentence, a defendant is entitled, as a matter of right, to withdraw a plea of guilty. Code § 27-1404. After pronouncement of sentence, the motion to withdraw rests in the sound discretion of the trial court. *Holston v. State,* 103 Ga. App. 373 (1) (119 SE2d 302). A plea of nolo contendere stands on the same footing as a plea of guilty. *Wright*

*v. State,* 75 Ga. App. 764 (1) (44 SE2d 569).

2. Here the defendant was represented at the time of entering his plea of nolo contendere by a lawyer of his own choice. Subsequently he employed another attorney and filed a motion to withdraw said plea. During the presentation of evidence on his motion he testified in a somewhat vague manner that he did not fully comprehend the effect of entering a plea of nolo contendere. But he made no contention whatever that he had been misled by state's counsel, by the court, or by any officer acting on behalf of the state. The mere contention that he did not understand or was misled by his own counsel affords no basis for withdrawal of his plea of guilty. *Griffin v. State,* 12 Ga. App. 615 (6) (77 SE 1080). The rule is somewhat different where his counsel was appointed by the court.

3. The charge against the defendant was for passing a bad check. On a slip attached to the check appeared the words, obviously placed thereon by the drawee bank: "Account frozen by court order." If the question of guilt or innocence were involved in the motion to withdraw a plea of guilty, then it could be plausibly argued that this notation furnished some evidence favorable to the defendant; it certainly was not enough in and of itself to raise a prima facie presumption that he was guilty. See Code Ann. § 26-1704. But here we do not reach the question of guilt or innocence, because the guilt or innocence of the defendant is not material in a motion to withdraw a plea of guilty. In *Boyett v. State,* 81 Ga. App. 49, 51 (57 SE2d 831), it is stated: "While this evidence may have borne upon the credibility of the witnesses, the question of the innocence or guilt of the defendants is not involved upon the motion to withdraw the plea of guilty (*Rowland v. State,* [72 Ga. App. 793] supra; 16 CJ 397, § 728)." If guilt or innocence were involved, the State may have been able to show that only $1.00 was on deposit when the funds were

frozen, or other sufficient reasons to show the check was worthless.

4. The check itself was not attached to or copied into the indictment, and cannot be urged as a basis for showing the indictment was void on its face.

5. It is contended that his counsel's allowing him to plead nolo contendere to this indictment was sufficient to show that his counsel was incompetent, and that he was, therefore, denied the benefit of counsel. With this contention we are in complete disagreement. An attorney does not become "incompetent counsel" because of one act, even though it may have been a mistake in judgment. The practice of law is not an exact science, and the most able lawyers make many incorrect decisions during the trial of cases. But here we find nothing in the record to show this was a mistaken judgment on the part of counsel. The sentence received was 12 months (not the maximum). It may be that defendant would have been convicted had he pleaded not guilty, and he could have received a more severe sentence. Finally, this court judicially knows that the attorney in question has practiced in this court for more than thirty-five years, and we regard him as a competent attorney.

6. On all factual issues raised by evidence in the hearing on motion to be allowed to withdraw the plea, the trial judge is the final arbiter. *Holston v. State,* 103 Ga. App. 373 (2), supra.

7. The evidence on the motion to withdraw was conflicting, and the trial judge, in his discretion, could believe the evidence he chose to believe. There was enough evidence to show that a conviction might have resulted had the defendant pleaded not guilty. No gross miscarriage of justice has been shown, whereby this court would be authorized to find that the lower court failed to exercise its sound discretion in refusing to allow the withdrawal of the plea of nolo contendere.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*
ARGUED JANUARY 4, 1973 — DECIDED MARCH 6, 1973.

*Conger & Conger, J. Willis Conger,* for appellant.
*Joe M. Ray, District Attorney, Ralph H. Foster, District Attorney, Jesse G. Bowles,* for appellee.