27651. HIGHT v. BUTLER et al.

HAWES, Justice. The appeal here is from the judgment of the Superior Court of Floyd County denying the appellant's application for a change of custody of two minor children of the parties. In a divorce decree entered on May 25, 1970, the custody of the children, a little girl now six years of age, and a little boy now three years of age, was awarded to the father. Alleging a substantial change in the condition of the parties, the

mother brought this proceeding to regain the custody of the children. The trial court denied the relief sought and she appeals.

1. "In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, 'the trial judge is vested with a discretion which will not be controlled by this court unless it abused . . . When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his findings when there is any evidence to support it.' *Madison v. Montgomery,* 206 Ga. 199 (1, 2) (56 SE2d 292)." *Beckman v. Beckman,* 225 Ga. 693, 695 (171 SE2d 135). However, when, as in this case, the order appealed from shows on its face that the trial judge failed to exercise the discretion reposed in him under a misapprehension of the law applicable to the facts, then this court must reverse the judgment and remand the case to him in order that he may exercise his discretion. Here, there was testimony to the effect that the father and his present wife had endeavored to teach the children to call their natural mother by her given name, to refrain from referring to her as "Mother," and to inculcate in their minds the belief that his present wife is their mother rather than the appellant. This was denied by the father. This, however, merely created a conflict in the evidence, which, if the trial judge chose to believe the affirmative testimony on the issue, would have authorized him to modify the custody of the children. *Jones v. White,* 209 Ga. 412 (73 SE2d 187); *Tyree v. Jackson,* 226 Ga. 690, 696 (177 SE2d 160). The trial court in the order appealed from, after reviewing the evidence generally, said, " . . . this court is not authorized by law to modify the orginal judgment, . . ." It thus appears that the trial judge thought that there was no evidence adduced which would authorize a modification of the custody of the children. In so concluding, he erred. We, therefore,

reverse the judgment and remand the case to him in order that he may correctly apply the law. In so doing, we do not intimate what his judgment should be.

2. The mere fact that the parent having custody under the original decree had left the children in care of his parents and/or of his sister and that during a period of several months prior to his remarriage had occupied an apartment with another man while leaving the children with his parents or sister would not demand a finding that he had either abandoned them or forfeited his parental rights. *Durden v. Durden,* 224 Ga. 417 (3) (162 SE2d 385); *Heath v. Martin,* 225 Ga. 181 (1) (167 SE2d 153).

3. The appellant offered evidence of two occasions when statements were made to her and to her mother by the 6-year- old daughter concerning actions of the defendant. She contended that these statements were admissible as an exception to the hearsay rule as being part of the res gestae. The record shows that these statements were made approximately two weeks after the event to which they related. The trial court excluded them. She contends that they were admissible because they were statements of a child of tender years not competent as a witness, and, therefore, free from all suspicion of device or afterthought. Code § 38-305. We do not think that this testimony was admissible. The mere fact that the declarant was a child of tender years cannot be said, standing alone, to free the statements from the suspicion of device or afterthought. This evidence was clearly hearsay within the definition thereof set forth in Code § 38-301, and it was not error for the trial court to exclude it.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 8, 1973—DECIDED MAY 10, 1973.

*Mundy, Gammage & Cummings, William W. Mundy,*

for appellant.

*Cook & Palmour, Bobby Lee Cook, W. Benjamin Ballenger, Jackson B. Harris,* for appellees.