### 49133. BALLARD v. THE STATE.

EVANS, Judge.

Defendant entered a plea of guilty to the offense of unauthorized entry into a dwelling house. The district attorney recommended a sentence of one year, without probation, at the pre-sentencing hearing and after plea bargaining between a member of the district attorney's office and counsel for defendant.

At the conclusion of the hearing, the court announced that he would sentence defendant to serve two

years. Defense counsel then requested that defendant be allowed to withdraw the plea because during the plea bargaining he had been made to understand by the district attorney that defendant would be sentenced to one year. The court thereupon stated, "The plea can not be withdrawn. I signed the judgment before I sentenced her for that reason." Defendant appeals. *Held:*

1. Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161) refers to pre-sentencing hearings held at the conclusion of all felony cases "heard by a jury." It has no application to pleas of guilty and nolo contendere where the court decides the sentence. All enumerated errors because of the court's failure to follow this law are without merit.

2. The defendant had an absolute right to withdraw his guilty plea, and the trial court had no discretion to rule otherwise than to allow it withdrawn. A plea of guilty may be withdrawn at any time before the sentence is *pronounced.* See Code § 27-1404; *Wright v. State,* 75 Ga. App. 764 (44 SE2d 569). When is a sentence pronounced? Does the mere *signing* of the written judgment constitute the pronouncement of the sentence? No, there is one step further to be taken before pronouncement of the sentence is complete. The judgment must be in writing, it must be signed, and *it must be filed with the clerk of court.* See *Clark v. State,* 72 Ga. App. 603 (34 SE2d 608); *Wright v. State,* 75 Ga. App. 764, 767, supra; *Freeman v. Brown,* 115 Ga. 23, 27 (41 SE 385); *Long v. Stanley,* 200 Ga. 239, 241 (36 SE2d 785); *Burkett v. State,* 131 Ga. App. 662. Here, the sentence was in writing, and it was signed, *but it was not filed with the clerk;* consequently when the motion to withdraw was made, defendant had the absolute right of withdrawal, and its denial is reversible error.

3. An oral pronouncement by the judge as to what sentence will be imposed is not a pronouncement of the sentence within the contemplation of the statute (Code § 27-1404). After sentence is pronounced, the motion to withdraw rests in the sound discretion of the trial court. *Holston v. State,* 103 Ga. App. 373 (119 SE2d 302); *Marshall v. State,* 128 App. 413 (197 SE2d 161).

4. The trial court was in error in stating that the plea could not be withdrawn because, "I signed the

judgment before I sentenced her for that reason." The trial court clearly intended to cut off the right of defendant to withdraw the plea by signing the judgment before informing the defendant as to the terms of the sentence before defendant learned of the severity thereof. The trial judge obviously construed the act of *signing* the judgment to be the equivalent of *pronouncing* sentence. First, even after sentence has been *legally pronounced* a defendant has the legal right to move to be allowed to withdraw his guilty plea, and upon which motion the trial judge must exercise a legal discretion in deciding whether or not he will grant same. *Marshall v. State,* 128 Ga. App. 413, supra; *Holston v. State,* 103 Ga. App. 373, supra. The trial judge erred in that he refused to consider the motion to withdraw, under the mistaken belief that defendant had no right to make such a motion. It is the law of this state that when a judge passes on a matter, in which he has a discretion, and fails and refuses to exercise that discretion (especially where the judge lets it be known that he believes he has no discretion) the judgment thus reached is erroneous and should be set aside. See *Stuart v. State,* 123 Ga. App. 311 (1), 313 (180 SE2d 581). The failure to entertain the motion and exercise a legal discretion in granting or refusing the motion would ordinarily constitute reversible error. While this case is reversed for the reasons set forth in Division 2, we feel it proper here to set forth some of the rules that should be observed in all cases where pleas of guilty are entered. Pleas of guilty should be scanned with caution, and the court is not bound to accept them. A plea should never be received unless freely and voluntarily made, and if the defendant is misled or induced to enter the plea by fraud, or even by mistake, he ought to be allowed to withdraw the plea. The law favors a trial on the merits. The above is found in many decisions in regard to withdrawal of pleas of guilty. See in this connection: *Griffin v. State,* 12 Ga. App. 615 (6), 662 (77 SE 1080); *Rowland v. State,* 72 Ga. App. 793, 801 (35 SE2d 372); *Hamm v. State,* 123 Ga. App. 10 (179 SE2d 272). The transcript shows clearly that the plea was entered after plea bargaining with the state. Of course, the court is not bound by such plea bargaining, but if the court does not

intend to follow the recommendation of the district attorney, the defendant should have the privilege of withdrawing his plea unless he freely, voluntarily and willingly accepts the sentence. He should not be entrapped. As was stated in *Griffin v. State,* 12 Ga. App. 615, 628, supra, the defendant was not lacking in diligence in immediately moving at the first opportunity to withdraw the plea. It would have been an abuse of discretion, if exercised, in not allowing defendant to withdraw his plea.

*Judgment reversed. Bell C. J., Pannell, P. J., Deen, Quillian, Clark, Stolz and Webb, JJ., concur. Eberhardt, P. J., dissents.*

SUBMITTED MARCH 6, 1974 — DECIDED MAY 20, 1974.

*Lewis, Hunnicutt, Taylor & Daniel, John M. Taylor,* for appellant.

*E. W. Fleming, District Attorney,* for appellee.

EBERHARDT, Presiding Judge, dissenting.

While I agree with substantially all that is said in the majority opinion, I do not think we should direct the vacating of the sentence and the allowance of the withdrawal of the plea. My view is that we should remand the matter with direction that a hearing be held on the motion to withdraw and that the judge, upon a consideration of the evidence submitted, exercise his sound discretion in granting or denying the motion to withdraw.

While a hearing has been held on the matter of what sentence should be meted out and whether it should be probated, none has been held on the motion to withdraw. It was summarily denied.

"[W]hen, as in this case, the order appealed from shows on its face that the trial judge failed to exercise the discretion reposed in him under a misapprehension of the law applicable to the facts, then this court must reverse the judgment and remand the case to him in order that he may exercise his discretion." *Hight v. Butler,* 230 Ga. 533 (1) (198 SE2d 169).

The record before us does not indicate whether the trial court held a hearing to determine whether the plea was entered voluntarily, as is required by Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), and by *Laidler v. Smith,* 227 Ga. 759 (2) (182 SE2d 891); *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892); *Hamm v. State,* 123 Ga. App. 10 (179 SE2d 272). But an evidentiary hearing on this matter after the plea is entered, with appropriate findings, can meet the Boykin requirements. Nobles v. Bets, 439 F2d 1001; Walker v. Caldwell, 472 F2d 1226. Failure of the trial judge to question the defendant on this matter and make a record of it may be harmless when he is represented by counsel. *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345). Cf. *Jones v. Leverette,* 230 Ga. 310 (196 SE2d 885).

Another thing which does not appear from this record is whether the signed sentence had been delivered by the court to the clerk when counsel sought to withdraw the plea of guilty. Perhaps on another hearing that will be clearly brought out.