## 29226. McCRARY v. RICKETTS.

INGRAM, Justice.

Appellant was denied habeas corpus relief in the Superior Court of Butts County and appeals that judgment for review by this court.

The trial court found that appellant was serving a

two-year sentence for the offense of theft by taking imposed in the Superior Court of Fayette County after a plea of guilty thereto by appellant.

In this appeal, appellant contends he was not represented by counsel and that his plea of guilty was not freely and voluntarily entered. However, the transcript of the evidence discloses that the habeas corpus trial court was authorized to find, as it did, that appellant was represented by an experienced and competent attorney at the time he entered the plea of guilty and that the plea was freely, voluntarily and intelligently entered by appellant consistent with constitutional safeguards. Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). See, *Wilkins v. Hopper*, 232 Ga. 796.

Appellant also contends that he was led to believe he would receive misdemeanor punishment rather than felony punishment for the offense of theft by taking. This contention is grounded primarily upon the fact that the printed accusation form on which appellant entered his plea of guilty described the offense as a misdemeanor. However, the typed and filled in averments of the accusation clearly show that appellant was charged with a felony. The accusation charges the appellant (and two companions) did "unlawfully take and carry away one tool chest, grey metal, marked 'A. L. Rhyne'; containing miscellaneous tools; one electric welder, Sears Best 'Craftsman,' one air tank sprayer, of the total value of $800 being the property of H. A. Rhyne, with the intention of depriving the said owner of said property . . ."

Code Ann. § 26-1802 (a) provides that a person commits theft by taking when he unlawfully takes any property of another with the intention of depriving the owner of the property. Code Ann. § 26-1812 provides that if the property which was the subject of the theft exceeded $100 in value, the offense is punishable by imprisonment for not less than 1 and not more than 10 years, or, in the discretion of the trial judge, as for a misdemeanor.

The accusation to which appellant entered a plea of guilty charged him with the offense of theft by taking and since the value of the property taken exceeded $100, the

trial judge was authorized to impose felony punishment. "It is immaterial what the offense is called, if the averments . . . are such as to describe an offense . . . It is not the name given to the offense . . . which characterizes it, but the description in the averments of the [accusation]." *Lipham v. State,* 125 Ga. 52 (1) (53 SE 817, 114 ASR 181, 5 AC 66). There is no question here of a breached plea bargain (see Santobello v. New York, 404 U. S. 257 (92 SC 495, 30 LE2d 427) (1971)) and the record does not show that appellant was surprised by the sentence or made any protest to it at the time the sentence was pronounced. In addition, the transcript of the habeas corpus hearing discloses appellant's guilt of theft by taking of property having a value in excess of $100. The record of the guilty plea hearing also reveals that, prior to entering his plea, the appellant acknowledged that he fully understood the range of punishment that could be imposed in his case. Thus, we find no merit in appellant's contention that he should have received only misdemeanor punishment.

We find no error in the trial court's judgment and it will be affirmed. See, *Coleman v. Ricketts,* Case No. 29138, decided September 17, 1974.

*Judgment affirmed. All the Justices concur.*

Submitted September 20, 1974 — Decided October 1, 1974.

James L. McCrary, *pro se.*

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Larry H. Evans, Deputy Assistant Attorneys General,* for appellee.