## 29231. BARKSDALE v. RICKETTS.

HALL, Justice.

In this appeal from the denial of his pro se habeas corpus petition by the Butts County Superior Court following a hearing, Melvin Barksdale attacks the 1973 entry of his guilty plea to a charge of theft by taking a tool box and contents of the value of $800. He contends that his appointed attorney was ineffective and that his plea was not voluntarily and intelligently entered. The record reflects that his admitted colleagues in this admitted crime were James Lamar McCrary and Michael Wayne McCrary, who entered their pleas of guilty simultaneously with the entry of Barksdale's in the same proceedings, and whose appeals from the denial of their habeas corpus petitions raising several of the legal and factual issues raised here, have recently been affirmed by this court in, respectively, *McCrary v. Ricketts,* 232 Ga. 890 and *McCrary v. Ricketts,* (No. 29227, decided Oct. 8, 1974).

Barksdale's contentions that his appointed attorney did not appear with him at the entry of his plea and sentence, and that he was charged with and pleaded guilty to a misdemeanor rather than a felony for which he was sentenced to five years, are without merit for the reasons discussed in *McCrary v. Ricketts,* 232 Ga. 890.

The record contains a transcript of the entry of the plea which shows that he acknowledged in answer to the court's questions that he understood the following: the charges against him; that he had a right to jury trial, a right against self-incrimination, and a right to subpoena witnesses; that sentence would be entered on his plea; and that a guilty plea was an admission of guilt. His answers also showed that a lawyer had conferred with him and explained his rights, that no one had promised anything or threatened him with anything to induce the guilty plea (this question in various forms was asked three times); that he understood that a guilty plea waived a right to appeal trial errors; and that he admitted his actual guilt. Barksdale individually signed a questionnaire answering "Yes" to each of nine questions, including questions whether an attorney had explained

his rights; whether he knew that a guilty plea waived his rights; and whether he had a full understanding of the range of punishment. His attorney signed as witness to his signature to the questionnaire.

On the basis of this record, the superior court was authorized to find that Barksdale's contentions that he did not understand the possible range of punishment and that his attorney did not explain his rights, were without merit. On the questionnaire he admitted these things, and the superior court is not required to believe his present assertions to the contrary. *McIntyre v. Balkcom,* 229 Ga. 81 (189 SE2d 445); see *Sims v. Smith,* 228 Ga. 136 (184 SE2d 347).

His contention that he never waived indictment by a grand jury was refuted by his own testimony at the hearing on his petition to the effect that his attorney told him he could go before the grand jury but would probably receive a lighter sentence if he entered a guilty plea.

The superior court was authorized by the record to find that his attorney effectively represented him, notwithstanding the alleged fact that the attorney only conferred with him for three or four minutes prior to the decision to plead guilty. O'Neal v. Smith, 431 F2d 646 (5th Cir. 1970).

Barksdale had no constitutional or statutory right which was violated by his attorney's failure to make a statement to the court on his behalf in mitigation of punishment, nor had he any right in Georgia to allocution upon entry of a guilty plea. There is no federal constitutional provision granting such right, Hill v. United States, 368 U. S. 424 (82 SC 468, 7 LE2d 417), nor is there any such state constitutional right. Code § 27-1404 provides for the entry of sentence immediately upon receipt of the plea of guilty.

Barksdale's contention that he was induced to plead guilty by the sheriff's alleged statements to him that he would receive a sentence identical to that of the other defendants and no more than two years, is a factual allegation that the superior court was not required to believe in the face of Barksdale's statements on the transcript to the contrary. *McIntyre v. Balkcom,* supra. When a defendant denies on the record that anyone

induced his plea, he will not later be heard to claim that someone did induce it. *Davies v. Ault,* 229 Ga. 11 (189 SE2d 86).

The superior court was authorized to find that the requirements of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), were met, and that the plea of guilty was voluntarily and intelligently entered.

Finally, the claim that the sentencing court in Spalding County was without jurisdiction to accept a plea to this Fayette County accusation is without merit. Both Spalding and Fayette Counties are in the Griffin Circuit. Code Ann. § 24-2501. Code Ann. § 24-2630 is sufficiently broad to authorize a superior court, judge to accept a guilty plea and enter sentence in any county within his circuit. See *Allison v. State,* 129 Ga. App. 364, 365 (199 SE2d 587). Compare *Pruitt v. State,* 123 Ga. App. 659 (182 SE2d 142), decided prior to the statute.

Though we have reached the merits of Barksdale's claims concerning allocution, ignorance of the maximum possible punishment, and non-jurisdiction of the sentencing court, we note that they were raised for the first time in this appeal and were subject to our refusal to consider them.

The petition being without merit, the superior court did not err in remanding Barksdale to custody.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 20, 1974 — DECIDED OCTOBER 17, 1974.

Melvin Barksdale, *pro se.*

*Arthur K. Bolton, Attorney General, Larry H. Evans,* for appellee.