## 52055. SMALLS v. PITTMAN.

MARSHALL, Judge.

This is an appeal from a judgment confirming the findings of fact and conclusions of law of a court-appointed auditor determining that an oral contract existed between appellant (defendant below) and appellee. This contract, as found, called for appellant to reimburse expenses and/or share profits with appellee growing out of a small grocery business owned by appellant and supported by appellee's efforts in rebuilding a burned-out portion of the store, paying in part for building materials, furnishing labor, purchasing merchandise for stocking the store and advancing cash to appellant for business purposes. The auditor concluded that appellant was indebted to appellee in an amount of $6,692.03.

The record indicates the complaint was filed by appellee on January 10, 1975, requesting dissolution of a partnership and appointment of an auditor. Following appropriate notice and hearing, the auditor was appointed on January 27, 1975. Appellant filed his answer on February 11, 1975, denying liability, seeking a jury trial and counterclaiming for money damages. Appellant did not object to the appointment of an auditor. The auditor conducted a two-day hearing, calling witnesses and receiving evidence on March 17, 20, 1975. The auditor found for plaintiff-appellee and rejected appellant's counterclaim. The findings of fact and conclusions of law were filed with the court by the auditor on October 3, 1975. No exceptions were made by either party to any of the findings or conclusions of the auditor. On November. 20, 1975, the trial court adopted and approved the auditor's findings and conclusions. The court found that there were no issues to be tried by a jury, incorporated each finding and conclusion as its own and rendered judgment thereon. On November 21, 1975, counsel for appellant withdrew his representation. This appeal was filed pro se on December 18, 1975. *Held:*

Appellant's enumeration of error and brief in support thereof are bereft of any argument or citation of authority. Many of the allegations of fact in the two documents are raised for the first time on this appeal. Other contentions,

though initially introduced at the two-day hearing held by the auditor (and included in the transcript), were abandoned during the hearing. Appellant affirmatively acquiesced in the hearing by the auditor, raised no objections to the auditor's report and left no unresolved factual issues for jury consideration. Ordinarily, in such a factual setting, we would consider the enumeration of error to have been abandoned. *Rodriguez v. Newby,* 131 Ga. App. 651, 655 (5) (206 SE2d 585); *O'Kelley v. Hayes,* 132 Ga. App. 134 (207 SE2d 641). However, notwithstanding the limitations of this pro se appeal, we are satisfied that a sufficient issue on the general grounds has been raised. *Boggus v. Boggus,* 236 Ga. 126, 128 (223 SE2d 103).

In substance, appellant complains in his "brief" and "enumeration of error" that appellee was an employee and had access to the grocery store's cash assets. He complains that appellee was authorized to and did expend store funds to purchase two houses, a truck, a car, and a second grocery business which were all placed in appellee's name. He also alleges that appellee and his family stole substantial amounts of cash. In his brief he demands return of these assets. He also asserts that he was denied a jury trial on these "issues." He asserts, finally, that appellee initially complained for $4,000, whereas the judgment of the court found for appellee in an amount of $6,692.03.

The evidence at the auditor's hearing does not support any of the above facts. Assuming the issues could have been developed, appellant did not do so before the auditor nor did he take exception to the auditor's findings. This is a court for the correction of errors of law committed by the court below where proper exception is taken thereto. One may not fail to raise issues in the trial forum, and then for the first time in this court raise questions as to matters not ruled upon or excepted to at the trial court. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). See also *Stovall v. Mendenhall,* 192 Ga. 796 (2) (16 SE2d 546).

Appellee in his initial complaint alleged that he had invested "in excess of $4,500.00" and was continuing to incur expenses. Appellee did not seek $4,500 damages but sought one-half of the store's assets plus such other relief

as was appropriate and proper. There was evidence indicating cash investment by appellee substantially in excess of $6,692.03.

The conclusions of an auditor on questions of fact submitted to him are entitled to the same consideration as the verdict of a jury. Alexander v. Louisville & N. R. Co., 114 F 774. If there is an alleged error in the auditor's rulings on the law or in his findings of fact, an exception must be taken thereto. If no exception is taken, the approval by the trial judge of the auditor's findings become conclusive. *Lefkoff v. Sicro,* 193 Ga. 292 (18 SE2d 464).

In this case the judgment of the court confirming the findings and conclusions of the auditor, together with his conclusion that no factual issues remained for disposition, are amply supported by the evidence. That judgment also is equivalent to a jury verdict and is not to be disturbed unless clearly erroneous or motivated by improper influences or unless the trial court misunderstood the evidence. *Cooper v. Rosser,* 232 Ga. 597 (207 SE2d 513); *Hight v. Butler,* 230 Ga. 533 (198 SE2d 169); *Alexander v. Kendrick,* 134 Ga. App. 249 (213 SE2d 911). We discern no reason to disturb his judgment.

As to the amount of the judgment, the damages were well within the range of damages established by the evidence. Thus the damages were authorized. *Hinson v. Dept. of Transp.,* 135 Ga. App. 258 (217 SE2d 606); *State Hwy. Dept. v. Jernigan,* 123 Ga. App. 393 (181 SE2d 287); *Lassiter v. State Hwy. Dept.,* 117 Ga. App. 128 (159 SE2d 302).

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED APRIL 8, 1976 — DECIDED MAY 7, 1976.

Willie J. Smalls, *pro se.*
*Mincey & Kenmore, Sylvia G. Haywood,* for appellee.