**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 31, 2016**

# In the Court of Appeals of Georgia

A16A0951. SEAGRAVES v. THE STATE.

McFADDEN, Judge.

Terry Lynn Seagraves entered a non-negotiated guilty plea to aggravated assault, aggravated battery, and reckless driving. The trial court sentenced him to 30 years, with 15 years to be served in confinement and the remainder to be served on probation. Seagraves timely moved to withdraw his guilty plea, but the trial court denied the motion. Seagraves appeals, arguing that he was denied his right to allocution (to speak before the trial court imposes sentence). We find that any right to allocution was satisfied when counsel argued on Seagraves' behalf. Seagraves argues that he received ineffective assistance of counsel, but we find that counsel's performance was not deficient. We therefore affirm the trial court's denial of Seagraves' motion.

1. *Facts*.

The facts, as set forth at the guilty plea hearing, show that the victim was a friend of Seagraves' estranged wife. On the day of the incident, the victim was a passenger in the wife's car when they happened to drive past Seagraves. Seagraves began following them in his truck and tried to run them off the road. The victim called 911, and the operator instructed them to drive to a public place. The wife pulled into the parking lot of a convenience store. Seagraves followed and parked next to them. He opened the victim's door and told him to get out of the car. The victim refused. Seagraves retrieved a gun from his truck and shot the victim in the leg. Seagraves then pointed the gun at the victim's head and told him to get out of the car. The victim got out and tried to run toward the store, but he was hampered by his injured leg. Seagraves went back to his truck and retrieved a baseball bat. Before the victim could enter the store, Seagraves began hitting him with the baseball bat. He continued hitting the victim once he entered the store, breaking the victim's arm.

The victim and Seagraves' wife both testified at the plea hearing. The victim informed the court that he would be satisfied with a sentence of five years and restitution in the amount of his medical bills. Seagraves' wife informed the court that she would be satisfied with a sentence of time served.

After the state presented all of its witnesses, defense counsel told the court that the defense would present no evidence, even though Seagraves had several witnesses in attendance and even though Seagraves had written a letter of apology, which counsel had intended to introduce.

In closing argument, defense counsel asked that Seagraves be sentenced to five years, the sentence the victim had testified would satisfy him. The state recommended that the court sentence Seagraves to 30 years, the first 15 years to be served in confinement. The court adopted the state's recommendation and entered judgment on the guilty plea.

Within the same term of court, Seagraves filed the instant motion to withdraw his guilty plea. The trial court conducted a hearing, at which Seagraves, the three attorneys who represented him at the plea hearing, and other witnesses testified. The trial court denied the motion and Seagraves filed this appeal.

2. *Standard of review.*

"After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion, and withdrawal of the plea is allowed only when necessary to correct a manifest injustice." *Wright v. State*, 292 Ga. 825, 826 (1) (742 SE2d 468) (2013) (citations omitted). We review the trial court's decision for a manifest abuse

of discretion. *Walden v. State*, 291 Ga. 260, 261 (1) (728 SE2d 186) (2012). Seagraves has not shown that the trial court abused his discretion.

3. *Allocution.*

Seagraves argues that the trial court erred by denying his motion to withdraw his guilty plea because he was denied his right to allocution. We disagree.

First, it is not clear that Seagraves had any right of allocution since he entered a guilty plea. Our Supreme Court has held that there is no federal or state constitutional right to allocution upon entry of a guilty plea. *Barksdale v. Ricketts*, 233 Ga. 60, 61 (209 SE2d 631) (1974). Seagraves does attempt to distinguish *Barksdale*, but the state declines to rely on it — noting that Seagraves' guilty plea was non-negotiated. But it is not clear from the opinion in *Barksdale* whether Barksdale's plea was negotiated or non-negotiated. See *Barksdale*, 233 Ga. at 61 (defendant indicated to the trial court that he had "a full understanding of the range of punishment"). And the court's language was unequivocal:

> [The defendant] had no constitutional or statutory right which was violated by his attorney's failure to make a statement to the court on his behalf in mitigation of punishment, nor had he any right in Georgia to allocution upon entry of a guilty plea. There is no federal constitutional provision granting such right, nor is there any such state constitutional right.

4

Id. at 61 (citations omitted). We do not decide whether Seagraves had a constitutional right to allocution, since his plea was non-negotiated because, as detailed below, any such right was satisfied when counsel argued on his behalf.

A statutory right to allocution is embodied in OCGA § 17-10-2, which, among other things, grants the defendant or his attorney the right to speak before the trial court imposes sentence. Pretermitting whether the statute applies when a defendant has entered a non-negotiated guilty plea and whether there is a common law right of allocution in such circumstances, our Supreme Court has held that any right to allocution is satisfied by compliance with OCGA § 17-10-2 (a). See *Murray v. State*, 269 Ga. 871, 872-873 (1) (505 SE2d 746) (1998). That statute provides in pertinent part that "[t]he judge shall . . . hear argument by the accused *or* the accused's counsel and the prosecuting attorney, as provided by law, regarding the punishment to be imposed." OCGA § 17-10-2 (a) (2) (emphasis supplied). Here, the trial court complied with the statute when he gave counsel the opportunity to speak on behalf of Seagraves.

Seagraves argues that the right to allocution is personal and cannot be satisfied by counsel's speaking on his behalf. But our Supreme Court has rejected that argument. See *Guyton v. State*, 281 Ga. 789, 794-795 (10) (e) (642 SE2d 67) (2007)

5

(addressed in the context of ineffective assistance of counsel). The case upon which Seagraves relies for the proposition that the right can be satisfied only when the defendant himself is given the opportunity to speak is a federal case interpreting Federal Rule of Criminal Procedure 32, which explicitly requires the defendant personally to be given the right to speak. Federal Rule of Criminal Procedure 32 (i) (4) (A) (ii). See *United States v. Perez*, 661 F3d 568, 583-584 (III) (11th Cir. 2011).

4. *Assistance of counsel.*

Seagraves argues that he received ineffective assistance of counsel because his attorneys ignored his request to withdraw his plea before he was sentenced; his attorneys failed to call his mitigation witnesses or present mitigating evidence; and his attorneys refused to allow him to present a statement.

"A defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Trauth v. State*, 283 Ga. 141, 142 (2) (657 SE2d 225) (2008) (citation and punctuation omitted).

a. *Ignoring Seagraves' request to withdraw plea.*

6

Seagraves argues that his attorneys were ineffective because they ignored his request to withdraw his plea before the court pronounced sentence. At the hearing on the motion to withdraw his guilty plea, Seagraves testified that during the guilty plea hearing, he instructed his attorneys to stop the proceedings and that he wanted to withdraw his plea. But his testimony was contradicted by that of all three of his attorneys, each of whom testified that Seagraves never indicated that he wanted to stop the proceedings or withdraw his plea, or at least, that they did not hear or recall that. "[I]n rejecting [Seagraves'] ineffective assistance claim and finding that defense counsel's performance fell well within the range of reasonable professional assistance, the trial court implicitly credited defense counsel's testimony." *Arnold v. State*, 292 Ga. 95, 96 (1) (734 SE2d 382) (2012) (citation omitted). Accordingly, Seagraves has not shown deficient performance on this ground.

b. *Failure to call mitigation witnesses or to present mitigating evidence.*

Seagraves argues that counsel was ineffective for failing to call his mitigating witnesses and for failing to present evidence of three mitigating circumstances: that he was distraught at the time of the crimes because his good friend recently had committed suicide; that he was upset that his children could be exposed to the victim,

7

who had sold illegal drugs to children; and that he did not retrieve his gun until after the victim had cut his arm with a knife.

Lead counsel testified that he did not believe the mitigating evidence would have been helpful. And the attorneys testified that they did not believe calling the mitigation witnesses would have benefitted Seagraves. The attorneys testified that their primary strategy was to introduce evidence of mitigation through cross-examining Seagraves' wife and the victim, particularly about the sentence they would accept. They were able to secure that testimony.

An attorney's reasonable decision about what evidence to introduce and which witnesses to call does not amount to ineffective assistance of counsel. *Perdue v. State*, 298 Ga. 841, 845 (3) (785 SE2d 291) (2016); *Brown v. State*, 302 Ga. App. 515, 518 (1) (b) (692 SE2d 386) (2010).

c. *Refusal to allow Seagraves to present a statement.*

Seagraves testified at the motion hearing that he had written a statement and wanted to address the court. But his attorneys testified that they had concluded that if he presented his written statement, he would have to testify and the cost of having him testify outweighed any benefit of introducing the statement. Further, lead counsel testified that Seagraves himself made the decision not to make a statement.

And counsel argued on his behalf at the guilty plea hearing. In urging the court to impose a lighter sentence than the fifteen years the state requested, counsel pointed out that the victim had asked for only five years and restitution. He argued that should the court sentence Seagraves to 15 years, then Seagraves would be unable to pay restitution. He urged the court to order probation conditions that would protect the victim and Seagraves' wife. He argued that a sentence of five years would satisfy all the purposes of sentencing.

Seagraves' "counsel did not render ineffective assistance because [they] failed to insist that [Seagraves] be afforded an opportunity to address the trial court personally on the subject of sentencing. Counsel spoke at the sentencing hearing on [Seagraves'] behalf regarding mitigation and punishment." *Guyton*, supra, 281 Ga. at 794-795 (10) (e) (642 SE2d 67) (2007) (citations omitted).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur*.