## 28674. GOODING v. DUDLEY.

HALL, Justice.

This appeal calls into question the validity of a
wiretap performed under Title III of the Omnibus Crime
Control and Safe Streets Act of 1968, 18 USC § 2510 et
seq. ("Title III") and presents the issue whether the
misidentification in application for a wiretap order and
in the order itself of the person who authorized the
application requires suppression of the fruits of the
wiretap. Respondent-warden appeals from the October
11, 1973, order of the Superior Court of Richmond County
releasing Dudley, a habeas corpus petitioner, from
custody under a $10,000 bond, and staying the execution
of the remainder of his sentence pending the outcome of
this appeal.

Dudley was convicted of credit card theft on
December 9, 1970, in Fulton County Superior Court and
was sentenced to 13 years imprisonment at hard labor.
The incriminating evidence was seized by federal officers
in a July 31, 1969 raid, probable cause for which was
supplied by information gained from the wiretap in
question conducted in Miami, Florida. Various motions
to suppress were filed by Dudley and were denied, and
his conviction was affirmed upon direct appeal to this
court.

Following Dudley's conviction in Georgia, evidence
came to light in other wiretap cases indicating that
certain false statements had been made by government

personnel in applications for wiretap authorizations under Title III. The same intercept order which affected Dudley affected Martin and Jesse Sklaroff, whose motions to suppress came before a federal district court in Florida. United States v. Sklaroff, 323 FSupp. 296 (S. D. Fla. 1971). Following an evidentiary hearing as required by United States v. Robinson, 472 F2d 973 (5th Cir. 1973), the district court in the Sklaroff case entered an order retroactively suppressing all the evidence obtained as a result of the wiretaps in question. Federal prosecution of the Sklaroffs in the northern district of Georgia was similarly halted by an order of the district court granting their motion to suppress.

Dudley then brought this habeas corpus proceeding on the ground that the misidentification of the authorizing federal officer in the application for the wiretap constituted suppression of evidence beneficial to Dudley and violated his due process rights under the Federal and State Constitutions.

Title III provides in part that the Attorney General or any Assistant Attorney General specially designated by the Attorney General may authorize an application to a federal judge of competent jurisdiction for an order authorizing or approving the interception of oral communication. 18 USC § 2516. Another section of the Act requires that the authorizing officer be made known in the application and order approving the interception. 18 USC § 2518 (1) (a). Though this evidence is not in the record before us other than as recited in judicial opinions attached as exhibits to Dudley's petition, both Dudley and respondent are agreed that the misidentification in question is the misidentification of the person authorizing the application. The actual authorization was made by John Mitchell, the Attorney General, who authorized the local federal attorney, William G. Earle, to make the subject application. However, the application erroneously showed that Will Wilson, an Assistant Attorney General, authorized it, and the federal court's order named Wilson as the person authorizing the application. It is upon the ground of this error that Dudley claims entitlement to his release. We disagree.

This wiretap is one of many called into question

because of Justice Department procedures at variance with the Congressional mandate in Title III limiting the fashion in which wiretap orders might be sought. Very recently, the United States Supreme Court ruled that Title III was violated and suppression of evidence was required where the application recited that it was authorized by a specially designated Assistant Attorney General (which comported with Title III), but in actual fact the authorization had been made by the Attorney General's Executive Assistant — by no means a proper person under Title III to make the decision to request the tap. United States v. Giordano, 42 U. S. L. W. 4642, May 14, 1974, No. 72-1057, decided May 13, 1974. However, on the same day the court upheld the conviction of one Chavez whose wiretap, like Dudley's, was said to have been authorized by Will Wilson but was actually authorized by the Attorney General himself. United States v. Chavez, 42 U. S. L. W. 4660, May 14, 1974, No. 72-1319, decided May 13, 1974.

"When it is clearly established, therefore, that authorization of submission of a wiretap or electronic surveillance application has been given by the Attorney General himself, but the application, and, as a result, the interception order, incorrectly state that approval has instead been given by a specially designated Assistant Attorney General, the misidentification, by itself, will not render interceptions conducted under the order 'unlawful' within the meaning of § 2518 (10) (a) (i) or the disclosure of the contents of intercepted communications, or derivative evidence, otherwise 'in violation of' Title III within the meaning of § 2515. Hence, the suppression of the Chavez wiretap evidence on the basis of the misidentification of Assistant Attorney General Wilson as the authorizing official was in error." 42 U. S. L. W. 4665.

Therefore, the wiretap of which Dudley complains was not void, and the error he points out does not require the suppression of fruits of the wiretap.

Under our state habeas corpus statute, Code Ann. § 50-127 (1), the violation of a federal statute in the proceedings leading to a prisoner's conviction and detention is not grounds for relief on habeas corpus,

324

though relief is available for violations of rights guaranteed by our State and Federal Constitutions and state statutes. Therefore, even if Title III had been violated by the misidentification complained of, the violation would not have been of constitutional magnitude, and Dudley's discharge would not have been proper on habeas corpus: ". . . it must be recalled that the misidentification of the officer authorizing a wiretap is irrelevant to the issue of probable cause, which is supported by the separate affidavits of investigative officials. See 18 USC §§ 2518 (1) and (3)." United States v. Chavez, 42 U. S. L. W. 4663, n. 5.

Contrary to Dudley's position, neither Title III nor any constitutional provision requires the suppression of the evidence against him, and his habeas corpus petition brought on this single ground is without merit. The court below erred in releasing Dudley from confinement and staying execution of the remainder of his sentence.

Finally, answering an additional point argued by Dudley on respondent's appeal here, the failure of respondent to file an answer within 20 days of the filing of the petition, as required by Code Ann. § 50-127 (6), does not provide grounds for release of the prisoner.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 11, 1974 — DECIDED MAY 28, 1974.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General, Michael W. Dyer, Deputy Assistant Attorney General, Robert C. Daniel, for appellant.*
*Joe Salem, Kenneth R. Chance, for appellee.*