## 34312. CRAWFORD v. LINAHAN.

MARSHALL, Justice.

The habeas corpus petitioner was convicted in Coweta Superior Court of murder and cruelty to a child, receiving consecutive sentences of life and five years' imprisonment. The basis of her petition is the allegation that, as an indigent, she had been unaware of her absolute right to the free assistance of appointed counsel to make an appeal for her and that her appointed attorney, David Rutledge, rendered ineffective appellate assistance of counsel by failing to prosecute her appeal. There is no allegation of violation of her constitutional rights or ineffective assistance of counsel at the trials.

At the habeas corpus hearing, the petitioner testified that neither the trial judge nor her court-appointed trial counsel had informed her of her right of appeal, yet she

had had counsel come to the jail where she was incarcerated, on the day after her second conviction, and told him she wanted to appeal. Counsel purportedly replied that he didn't have time, and had to carry his boy to a baseball game, and left after about two minutes. In response to her repeated requests to see him, she testified, he returned to the jail, but didn't see her, merely leaving a note, saying, "I'm sorry, I can't make it." One of the petitioner's sisters, Sara Crawford, testified that she had visited the petitioner about three times after her conviction; that each time, the petitioner said she wanted an appeal; that, in compliance with the petitioner's request, she had told her counsel that the petitioner wanted to appeal, to which he had replied that the petitioner didn't want an appeal, that they had too much evidence against her, and that if they gave her another trial he didn't know what the outcome would be. She testified that she had not told the petitioner what her counsel had said to her. Another sister, Mable Head, testified that she had also visited the petitioner in jail about three times and had also heard her indicate her wish to appeal. She testified that she had never talked to the petitioner's counsel, and both sisters testified that they were never present when the petitioner and her counsel were discussing her case.

In rebuttal of the above testimony, the habeas corpus court received in evidence, over the petitioner's objections, the sworn affidavit of her court-appointed trial counsel, to the following effect: that he is presently a resident of the State of Texas; that, immediately after the trials, he had told the petitioner "about an appeal," that he would appeal her case, that he would be paid by the county, that a successful appeal would result in a new trial, and that she had nothing to lose by filing an appeal; that when he visited the petitioner in jail several days later at her request, she told him that someone had told her that her husband had been seen at the scene of the crime the night the victim had been killed; that he had told her that they could bring this newly discovered evidence to the attention of the court, but that it would implicate her husband; that, although he had advised her to go ahead with her appeal, she said she did not want to

appeal; that after the time for appeal had expired, he received a telephone message that the petitioner wished to appeal her murder conviction.

In his order denying the writ of habeas corpus, the judge noted that the facts were in sharp conflict, but that, after observing the petitioner's demeanor and hearing her testimony, he found her not to be credible, chose to credit the "testimony" of her court-appointed trial counsel, and found that she had been advised of her right to appeal and to have appointed counsel on appeal, but had chosen not to appeal until the time for filing a notice of appeal had already run. The petitioner appeals.

1. The first enumeration of error is that the habeas corpus court's reliance on subsections (a) and (c) of Code Ann. § 50-127 (7) (Ga. L. 1967, pp. 835, 836; 1973, pp. 1315, 1316; 1975, pp. 1143-1145) in admitting in evidence over the appellant's objection the ex parte affidavit of her court-appointed trial counsel, unconstitutionally deprived her of a right to a hearing on her petition.

Subsection (a) of the statute provides: "The court may receive proof by depositions, oral testimony, sworn affidavits, or other evidence." Subsection (c) provides: "If sworn affidavits are intended by either party to be introduced into [sic] evidence, the party intending to introduce the affidavit shall cause it to be served upon the opposing party at least five days in advance of the date set for a hearing in the case. The affidavit so served shall be accompanied by a notice of the party's intention to introduce it into [sic] evidence. *The superior court judge considering the petition for writ of habeas corpus may resolve disputed issues of fact upon the basis of sworn affidavits standing by themselves.*" (Emphasis supplied.)

In passing on the constitutionality of the above statute vis-a-vis the instant proceeding, it is necessary to review some of the aspects of habeas corpus law. "[T]he Civil Practice Act applies to habeas corpus proceedings insofar as questions arise therein regarding the sufficiency of pleadings, the admissibility of evidence under the petition as drawn, amendments, and those other elements of pleading and practice enumerated in § 81 of the Act as amended." *Johnson v. Caldwell,* 229 Ga. 548, 552 (192 SE2d 900) (1972). "General rules of

evidence controlling the weight and sufficiency thereof apply in habeas corpus proceedings, as, for example, with regard to the determination of such issues and matters, among others, as deprivation of constitutional privileges . . ." 14 EGL 151, Habeas Corpus, § 43 (1978 Rev.). "The burden is on the applicant to make out his case, that is, to prove to the satisfaction of the habeas corpus judge that the alleged violation of his constitutional rights did, in fact, occur." *Sims v. Smith,* 228 Ga. 136, 137 (184 SE2d 347) (1971) and cits.; *Jones v. Leverette,* 230 Ga. 310, 311 (196 SE2d 885) (1973). This burden is to be carried by the preponderance of evidence. Walker v. Johnston, 312 U. S. 275 (5) (61 SC 574, 85 LE 830) (1941). "On habeas corpus proceedings, the same presumptions are indulged in favor of the validity of the judgment as are indulged in other collateral assaults on a judgment. Therefore, both the judgment and sentence are presumptively valid and a judgment of conviction, being presumed to be correct, may not lightly be set aside." 14 EGL 151, Habeas Corpus, § 42 (1978 Rev.) and cits.; *Parrott v. State,* 134 Ga. App. 160 (1) (214 SE2d 3) (1975). It has also been held that a strong presumption obtains that defense counsel was competent, and that a movant for post-conviction relief bears the burden of proving otherwise. Walker v. State, 567 SW2d 398 (Mo. App. 1978).

It should be noted that Code § 50-114 provides that the hearing may be done "in a summary manner." Even under federal habeas corpus law, the allegations of a prisoner that he had requested his counsel to appeal and that counsel had failed to do so do not require a full-scale evidentiary hearing in open court with the prisoner present on a motion to vacate the sentence. Walters v. Harris, 460 F2d 988 (4th Cir. 1972), cert. den. 409 U. S. 1129 (93 SC 947, 35 LE2d 262) (1973). Moreover, even though the petitioner was permitted to testify here, "the habeas corpus judge, as a trior of the facts, was under no obligation to believe the petitioner, and could reject [her] testimony in whole or in part. [*Ballard v. Smith,* 225 Ga. 416 (169 SE2d 329) (1969)]." *McIntyre v. Balkcom,* 229 Ga. 81 (1) (189 SE2d 445) (1972). The court went on to hold in *McIntyre,* supra, that even if the key witness was not present to testify at the habeas corpus hearing, "any

failure of the respondent to produce this witness to rebut the testimony of the petitioner is merely a circumstance for consideration, and does not demand the conclusion that the petitioner was telling the truth. [Cit.]" Even if the respondent fails to file a timely answer as required by Code Ann. § 50-127 (6), this does not provide grounds for release of the prisoner. *Gooding v. Dudley,* 232 Ga. 321, 324 (206 SE2d 490) (1974). Since the above results are true, it follows that the habeas corpus judge, as the trior of fact, could have rejected the petitioner's testimony as a whole and denied her petition even if the respondent had neither filed an answer nor the affidavit or other evidence. Thus, even assuming that the affidavit was not admissible for the determination of the disputed fact issues, the judge as the trior of fact can sift the wheat from the chaff and select the legal evidence, and his judgment will not be reversed where there is any legal evidence to support it. *Lester Colodny Const. Co. v. Allen,* 129 Ga. App. 545, 546 (199 SE2d 917) (1973) and cit.

This is not to say that a habeas corpus petitioner cannot produce rebuttal evidence in the form of depositions, oral testimony, sworn affidavits, or other evidence, such as written interrogatories. Indeed, Code § 50-114 provides that the habeas corpus judge "may compel the attendance of witnesses, the production of papers, or may adjourn the examination of the question, or exercise any other power of a court which the principles of justice may require." However, this being a civil proceeding, the petitioner, though indigent, was not entitled to have witnesses (or other evidence) at public expense, appointed counsel, or the assistance of lay counsel, appointed or otherwise. *Green v. Caldwell,* 229 Ga. 650, 651 (1, 2, 3) (193 SE2d 847) (1972).

In *Mydell v. Clerk, Superior Court of Chatham County,* 241 Ga. 24 (fn. 1) (243 SE2d 72) (1978), this court recognized "an established rule of evidence in this State that, in a judicial trial in a court of law, where evidence is finally adjudicated and final judgments are rendered, ex parte affidavits are inadmissible, and their admission in such a case over proper objection constitutes reversible error. [Cits.]" In spite of this general rule, however, we there held that, as an exception thereto, in a pro se

mandamus action an ex parte affidavit to obtain a trial transcript was admissible. In footnote 2, we noted, without disapproval, "that by statute affidavits may be considered in prisoner habeas corpus cases. Code Ann. § 50-127 (7)."

The appellant's argument, that the cases construing the federal habeas corpus statutes render the affidavit inadmissible, merits some discussion. Federal district courts have discretion to utilize reasonable procedures to ascertain whether a motion to vacate a sentence is substantial before granting a full hearing. Smith v. United States, 356 F2d 868 (8th Cir. 1966), cert. den. 385 U. S. 820 (87 SC 44, 17 LE2d 58) (1966). See also Machibroda v. United States, 368 U. S. 487, 495 (82 SC 510, 7 LE2d 473) (1962); Walters v. Harris, 460 F2d 999, supra, (3). The scope of discovery to be allowed in habeas corpus proceedings lies in the discretion of the district court, which may order such discovery as it deems necessary to determine the facts adequately. Barry v. United States, 528 F2d 1094 (7th Cir. 1976), cert. den. 429 U. S. 826 (97 SC 81, 50 LE2d 88). This discretion has been upheld in cases where, as in the case sub judice, a party is not amenable to the processes of the court. See Harris v. Estelle, 487 F2d 56 (5th Cir. 1973), in which the affidavit of deceased trial counsel, which had been admitted in evidence in the state habeas corpus proceeding, was held to be competent as evidence in the federal habeas corpus proceeding.

There are federal cases holding to the effect that ex parte affidavits cannot be used to resolve substantial disputed questions of fact in a habeas corpus case. See Walker v. Johnston, 312 U. S. 275, supra, p. 287; Anderson v. Johnson, 371 F2d 84 (6th Cir. 1966), affd. 390 U. S. 456 (88 SC 1194, 20 LE2d 27), reh. den. 390 U. S. 1037 (88 SC 1402, 20 LE2d 298) (1968); Campbell v. State of Minnesota, 487 F2d 1 (8th Cir. 1973). On the other hand, the courts recognize exceptions to this rule. "Normally, when a case turns on an issue of credibility the trier of fact should have the benefit of oral testimony. *However, that rule is not inviolate.*" (Emphasis supplied.) Phillips v. United States, 533 F2d 369, 371 (4) (8th Cir. 1976). And see Harris v. Estelle, 487 F2d 56, supra.

Even assuming that there are no conflicts in the federal cases and that they would uniformly hold the ex parte affidavit in the instant case to be inadmissible, or insufficient for the determination of substantial disputed questions of fact, this does not necessarily control the issue in this case. The requirements of the federal courts do not necessarily rise to the level of constitutionally required safeguards at the state level. This fact was enunciated by the United States Supreme Court in Townsend v. Sain, 372 U. S. 293, 312 (83 SC 745, 9 LE2d 770) (1963), in which it was held, "In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." In footnote 9 thereto, it was said: "In announcing this test we do not mean to imply that the state courts are required to hold hearings and make findings which satisfy this standard, because such hearings are governed to a large extent by state law. The existence of the exhaustion of state remedies requirement (announced in Ex Parte Royall, 117 U. S. 241, and now codified in 28 U.S.C. § 2254) lends support to the view that a full hearing is not always required. It presupposes that the State's adjudication of the constitutional issue can be of aid to the federal court sitting in habeas corpus."

From the above authorities, we conclude that the provisions of Code Ann. § 50-127 (7) (a) and (c) are not unconstitutional, nor was the petitioner deprived of any of her constitutional rights by the admission of the ex parte affidavit pursuant to that Code section.

2. The second enumeration of error is: assuming, arguendo, that the affidavit was constitutionally admissible and was credible, nevertheless the habeas corpus court's denial of the writ was against the weight of the evidence.

"General rules of evidence controlling the weight and sufficiency thereof apply in habeas corpus proceedings, as, for example, with regard to the determination of such issues and matters, among others, as deprivation of constitutional privileges . . ." 14 EGL 151, Habeas Corpus, § 43 (1978 Rev.), citing, inter alia, *Weiss v. Hood,* 200 Ga. 795 (38 SE2d 559) (1946), cert. den. 329 U. S. 759 (67 SC 112, 91 LE 645) (1946). As we have

pointed out hereinabove, the petitioner had the burden of proof of a denial of her constitutional rights by a preponderance of evidence, and the trial judge, as the trior of facts, could reject her testimony in whole or in part. Given the presumption in favor of the competency of counsel, we cannot say that the habeas corpus judge was not authorized to disbelieve the petitioner's testimony that her counsel, whose competency on the trials was not attacked, had failed to advise her of her rights of appeal.

In *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683) (1974), this court implied, if not held, that failure to advise a criminal defendant of his appellate rights as an indigent is not reversible error if the defendant was otherwise aware of such rights. The petitioner's testimony showed that she was aware of her general right to appeal, in that she testified that she requested an appeal immediately after the trial, notwithstanding her testimony that neither the judge nor counsel had advised her of this right. It is true that we held in *Thornton v. Ault,* supra, p. 174, that "representation is inadequate and the right of appeal is denied where appointed counsel fails to *fully* inform the client of his appellate rights" (emphasis supplied) and that even the contested ex parte affidavit does not establish that counsel advised the petitioner that she had 30 days in which to file an appeal. Cf., *Holloway v. Hopper,* 233 Ga. 615 (212 SE2d 795) (1975). This does not demand a finding that the petitioner was not so advised, however, since the court could discredit her testimony vis-a-vis the presumption of counsel's competency, even without consideration of his ex parte affidavit.

Accordingly, the judgment denying the writ of habeas corpus, not being erroneous for any reason urged, is affirmed.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JANUARY 10, 1979 — DECIDED FEBRUARY 15, 1979.

*Robert C. Kates,* for appellant.
*Arthur K. Bolton, Attorney General, Harrison*

*Kohler, Assistant Attorney General,* for appellee.
Leland Linahan, *pro se.*