### S08A0365. JACKSON v. THE STATE.
(660 SE2d 525)

SEARS, Chief Justice.

The appellant, Alexander Jackson, appeals from the habeas court's order ruling against his claim that he received ineffective assistance of counsel when he pled guilty to two drug possession offenses. We conclude that the habeas court's judgment must be affirmed.

The habeas hearing transcript and Jackson's affidavit show that he testified that, when he pled guilty, he was not informed of the nature and elements of the drug possession crimes, and that, in fact, his lawyer told him that he could be found guilty merely by being in the same house as the drugs. Jackson also testified that, if he had known that the possession element of the crimes required knowing possession, he would not have pled guilty, but would instead have gone to trial because he did not have knowledge of the drugs that were found. Jackson's trial counsel did not testify at the hearing, as he was not subpoenaed to testify by either Jackson or the State.

To the extent the habeas court ruled against Jackson's claim of ineffective assistance of counsel on the ground that Jackson expressed satisfaction with his attorney's services at the plea hearing, the habeas court erred.[1] Our review of the record, however, demonstrates that the habeas court also ruled against Jackson's claim on the ground that the habeas court did not find that Jackson's testimony regarding his attorney's performance was credible[2] and thus concluded that Jackson failed to overcome the strong presumption that trial counsel's performance was not deficient.[3]

---

[1] *Harden v. Johnson*, 280 Ga. 464, 464-465 (629 SE2d 259) (2006).

[2] *Crawford v. Linahan*, 243 Ga. 161, 164 (253 SE2d 171) (1979) (a habeas judge sits as the trier of facts and may reject the testimony of a witness in whole or in part).

[3] *Morgan v. State*, 275 Ga. 222, 227-228 (564 SE2d 192) (2002) (habeas petitioner has the burden to overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance). See also *Davis v. State*, 280 Ga. 442, 443 (629 SE2d 238) (2006) (if trial counsel does not testify regarding the ineffectiveness claim, it is extremely difficult to overcome the strong presumption that trial counsel provided reasonable professional assistance).

Because we cannot conclude that the habeas court erred by ruling that Jackson failed to carry his burden to prove the ineffectiveness of his trial counsel, we affirm the habeas court's judgment.[4]
*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 2008.

Alexander Jackson, *pro se.*
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.

---

[4] See *Zant v. Means*, 271 Ga. 711, 712 (522 SE2d 449) (1999) (on ineffectiveness claims, we defer to a habeas court's findings of fact and credibility determinations, but not to its legal conclusions).